UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEON TERRELL HENRY,

        Plaintiff,

                                    CASE NO. 2:11-cv-10192
      v.                             JUDGE ARTHUR J. TARNOW
                                      MAGISTRATE JUDGE PAUL KOMIVES
CITY OF EASTPOINTE POLICE
DEPARTMENT, LIEUTENANT LEO
BOROWSKI, DETECTIVE CONNER,
and DETECTIVE TEOLIS,

        Defendants.

_____/


**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION (docket #38)**

I.       RECOMMENDATION: The Court should deny plaintiff's motion for preliminary injunction.

II.      REPORT:

A.     *Procedural Background*

Plaintiff Deon Terrell Henry, currently a state prisoner, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983, alleging that defendants violated his rights under the Fourth Amendment by arresting him without a warrant and by the use of excessive force in effecting his arrest. The matter is currently before the Court on plaintiff's motion for a preliminary injunction, filed on October 28, 2011. In his motion, plaintiff asserts that at the time he commenced this action, he was receiving legal assistance from another inmate, Christian Johnson, who was incarcerated with plaintiff at the Boyer Road Correctional Facility. Plaintiff further asserts that he is now incarcerated at the Central Michigan Correctional Facility. Plaintiff therefore requests an injunction requiring

the Michigan Department of Corrections (MDOC) to either allow him to correspond with Johnson, or transfer him back to the Boyer Road Correctional Facility. Defendants filed a response to the motion on November 16, 2011, arguing that they have no authority with respect to plaintiff's incarceration and that the Court lacks jurisdiction to compel the MDOC to transfer plaintiff or allow him to communicate with an inmate at a different facility. For the reasons that follow, the Court should deny plaintiff's motion.

B.      *Analysis*

"In the exercise of its discretion with respect to a motion for preliminary injunction, a district court must give consideration to four factors: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.'" *American Civil Liberties Union of Ky. v. McCreary County, Ky.*, 354 F.3d 438, 445 (6th Cir. 2003) (quoting *Rock and Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998)); *see also*, *Taubman Co. v. Webfeats*, 319 F.3d 770, 774 (6th Cir. 2003). The Court need not dwell on these factors here, however, because it lacks jurisdiction to order the relief sought by plaintiff.

Defendants are the City of Eastpointe Police Department and individual officers employed by the Department. They have no say in the application of the MDOC's policies concerning prisoner communication, nor do they have any role in MDOC prison assignments. Neither the MDOC nor any MDOC official is a defendant in this action. "It is elementary that one is not bound by a judgment in *personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine*

*Research, Inc.,* 395 U.S. 100, 110 (1969) (citation omitted).  A court is powerless to adjudicate a

claim against a party unless it has jurisdiction over the party, and even a party who is alleged to be

in concert or participation is to be accorded a hearing for a determination of his role in the matter

before a determination is made that the party is subject to the injunction.  *See id.* at 112; *Ron*

*Matusalem & Matusa, Inc. v. Ron Matusalem, Inc.,* 872 F.2d 1547, 1554 (11th Cir.1989).  Thus, the

Court cannot subject the MDOC or its officials to an injunction, as they have not been named as

defendants and served in accordance with Rule 4 of the Federal Rules of Civil Procedure.  *See*

*Guillen v. Thompson,* No. 08-1279, 2009 WL 2513501, at *7 (D.Ariz. Aug.14, 2009); FED. R. CIV.

P. 65(d)(2) (injunction is binding only on parties, their agents, and persons acting in concert with

parties).

> Further, plaintiff's request for injunctive relief fails on the merits.  Plaintiff has no

constitutional right to remain in a particular institution, and prison officials are afforded broad

discretion in transferring inmates.  *See Meachum v. Fano*, 427 U.S. 215, 224 (1976).  As the

Supreme Court has noted,

> [T]he problems that arise in the day-to-day operation of a corrections facility are not
> susceptible of easy solutions.  Prison administrators therefore should be accorded
> wide ranging deference in the adoption and execution of policies and practices that
> in their judgment are needed to preserve internal order and discipline and to maintain
> institutional security.

*Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *see also, Meachum*, 427 U.S. at 228-29; *Pell v. Procunier*,

417 U.S. 817, 822, 827 (1974).  This deference counsels against the issuance of a preliminary

injunction in this case.  The mere fact that plaintiff's transfer may make it harder for him to

prosecute this litigation is not the type of irreparable harm justifying the issuance of a preliminary

injunction.  Further, while prisoners have a constitutional right of access to courts, this requires only

that prison officials provide sufficient assistance to give prisoners an adequate opportunity to present their federal constitutional claims in court; there is no free-standing right to legal assistance from another inmate. *See Shaw v. Murphy*, 532 U.S. 223, 231 n.3 (2001); *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Thus, "[p]rison inmates do not possess the right to a particular prisoner's help in preparing their legal materials, so long as prison officials make other assistance available." *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990); *accord Johnson v. Thaler*, No. 9:11cv8, 2011 WL 4900004, at \*9 (Sept. 13, 2011) (citing *Beck v. Lynaugh*, 842 F.2d 759 (5th Cir. 1988)) ("[T]here is no constitutional right for inmates to have face-to-face legal visits with one another, nor a right to legal assistance from any particular inmate."), *magistrate judge's report and recommendation adopted*, 2011 WL 4900015 (E.D. Tex. Oct. 14, 2011); *Martin v. United States*, No. 10-CV-2099, 2011 WL 2292343, at \*2 (C.D. Ill. June 8, 2011) (citing *Gometz v. Henman*, 807 F.2d 113, 116 (7th Cir. 1986)) ("[I]nmates do not have a constitutional right to receive legal assistance from a particular inmate when the prison provides other means of insuring the inmate's right of access to the courts."). Plaintiff has not alleged that his transfer his impeded his ability to pursue this action. Because plaintiff's right is the right of access to the courts, and not to legal assistance from a particular inmate, his request for injunctive relief is without merit. *See Williams v. Wright*, No. CV 3:09-055, 2009 WL 4717230, at \*2 (S.D. Ga. Dec. 8, 2009) (denying motion for injunction preventing transfer to another prison because, although prisoner may have right to legal assistance, "he does not have a right to assistance from any particular inmate," and "there is no reason to suppose the Plaintiff would not be able to seek assistance from another inmate if he is transferred.").

C.      *Conclusion*

In short, this Court lacks jurisdiction over the MDOC and any MDOC officials to enter an

injunction requiring them to transfer plaintiff or allow him to correspond with Johnson.  Further, because plaintiff has neither a constitutional right to be housed in a particular institution nor a right to receive legal assistance from any particular inmate, his request for injunctive relief fails on the merits.  Accordingly, the Court should deny plaintiff's motion for a preliminary injunction.

III.       NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.



                                        s/Paul J. Komives
                                        PAUL J. KOMIVES

UNITED STATES MAGISTRATE JUDGE

Dated: 7/13/12

<div style="border: 2px solid black; padding: 10px;">

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on July 13, 2012.

s/Eddrey Butts
Case Manager

</div>